USAO-EDKY-LEX MAR 17 '20 PM 1 50

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
**F I L E D**

JUN 1 2 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 5:19-cr-00205-KKC-MAS-1**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**CORRELL BUCKHALTER**                                        **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, charging a violation of 18 U.S.C. § 1349, Conspiracy to Commit Health Care Fraud.

2. The essential elements of Count One are:

    (a) Two or more persons conspired, or agreed, to commit the crime of Health Care Fraud; and

    (b) The Defendant knowingly and voluntarily joined the conspiracy.

3. The Defendant agrees that the United States would prove the facts described in Attachment A, enclosed as the "Factual Basis" with this Plea Agreement, beyond a reasonable doubt at trial. The Defendant also agrees that these facts fairly and accurately describe the Defendant's actions and involvement in the offense for which he is charged, and to which he is pleading guilty, and establish the essential elements of this offense beyond a reasonable doubt. Further, the Defendant agrees that, effective as of the date the Defendant signs this Plea Agreement, and notwithstanding any other subsequent event,

including but not limited to the Defendant's failure to plead guilty, the court's refusal to accept the Defendant's guilty plea, or the Defendant's withdrawal (or attempted withdrawal) of his guilty plea, the "Factual Basis" set forth in this Plea Agreement shall be admissible against the Defendant in any criminal case involving the Fraud Section and/or the United States Attorney's Office for the Eastern District of Kentucky and the Defendant, as: (a) substantive evidence offered by the government in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the government on cross-examination; and (c) evidence at any sentencing hearing or other hearing. In addition, the Defendant also agrees not to assert any claim under the Federal Rules of Evidence (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of Criminal Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United States Sentencing Guidelines (including USSG § 1B1.1(a)) that the "Factual Basis" set forth in this Plea Agreement should be suppressed or is otherwise inadmissible as evidence (in any form).

4. The statutory punishment for Count One is imprisonment for not more than 10 years, a fine of not more than either \$250,000 or twice the gross pecuniary gain or loss pursuant to 18 U.S.C. § 3571, and a term of supervised release of not more than three years. A mandatory special assessment of \$100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

2

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in Attachment A, enclosed with this Agreement.

(c) Pursuant to U.S.S.G. § 2B1.1, the base offense level is 6.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), increase the offense level by 14 levels because the loss is greater than $550,000 but not greater than $1,500,000.

(e) Pursuant to U.S.S.G. § 3B1.1(a), increase the offense level by 4 levels for aggravating role.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g) Pursuant to U.S.S.G. § 5E1.1, restitution is $927,362.88, and the victim is the Gene Upshaw NFL Players Health Reimbursement Account Plan.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the statutory maximum punishment or there is

3

an arithmetic error at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.   The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10.  The Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(7), whether in the possession or control of the United States, the Defendant or Defendant's nominees.

(a)  The assets to be forfeited specifically include, but are not limited to, the $178,312.88 in proceeds the Defendant admits he obtained, as the result of the commission of the offense to which the Defendant is pleading guilty.   The Defendant acknowledges and agrees that: (1) the Defendant obtained this amount as a result of the commission of the offense, and (2) as a result of the acts and omissions of the Defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the Defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the Defendant (substitute assets), up to the amount of proceeds the Defendant obtained, as the result of the offense of conviction.

4

(b)  The Defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offense.  The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

(c)  The Defendant admits and agrees that the conduct described in the Factual Basis provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

(d)  Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

(e)  The Defendant agrees that, in the event the Court determines that the Defendant has breached this section of the Plea Agreement, the Defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

5

11.   The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure.  Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  The Defendant will not encumber, transfer, or dispose of any monies, property, or assets valued at over $2,500 under the Defendant's custody or control without written approval from the United States Attorney's Office.  If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.  If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12.   The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum

6

schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document, Attachment A enclosed with this document, and the supplement contain the complete and only Plea Agreement between the United States and the Defendant. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. References in this document to "Agreement" or "Plea Agreement" refer to both this document, Attachment A, and the supplement. The United States has not made any other promises or representations to, or understandings or agreements with, the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

7

16. The Defendant has thoroughly reviewed all legal and factual aspects of this case with the Defendant's attorney and is fully satisfied with the legal representation provided by the Defendant's attorney. The Defendant has received satisfactory explanations from the Defendant's attorney concerning each paragraph of this Plea Agreement, each of the Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this Agreement rather than proceeding to trial. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary and is not the result of force, threats, or promises other than those set forth in this Agreement.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 6/2/2020          By: _____ for
                            ANDREW E. SMITH
                            Assistant United States Attorney

ROBERT ZINK
Chief, Fraud Section

ALLAN MEDINA
Deputy Chief, Health Care Fraud Unit

_____
ALEXANDER KRAMER
JOHN SCANLON
THOMAS J. TYNAN

8

Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005

Date: _____

_____
CORRELL BUCKHALTER
Defendant

Date: _____

_____
STEPHEN D. MILNER
Attorney for Defendant

9