UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-CR-00205-KKC

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.          **RESPONSE TO MOTION FOR REDUCTION OF GARNISHMENT**

CORRELL BUCKHALTER                                                               DEFENDANT

\* \* \* \* \*

The United States, by counsel, submits the following response to the *Defendant's Pro Se Motion under 28 U.S.C. 3205(c)(7) For Reduction of Garnishment from NFL Player Annuity Program* [DE 151] (the "Motion"). In support, the United States avers as follows:

On October 26, 2021, this Court entered a judgment against the Defendant on one count of conspiracy to commit health care fraud. [DE 112]. The Court sentenced the Defendant to 10 months of incarceration and restitution in the amount of $927,462.88, which amount was due immediately and was imposed jointly and severally upon the Defendant and several of his co-defendants. [*Id.*]. On July 25, 2022, the Court amended its judgment against the Defendant. [DE 129]. The amended judgment reduced the Defendant's restitution down to $178,312.88, without that liability being joint and several. [*Id.*]. As of the filing of this response, the Defendant's restitution balance is $158,373.44.

On July 27, 2022, the United States filed, *ex parte* and under seal, an application to this Court for a writ of garnishment as to the NFL Player Annuity Program (the "Garnishee"), for the purpose of compelling the Garnishee to pay amounts owed to the Defendant to the Clerk of this

1

Court instead, to be applied toward the Defendant's restitution obligations. [DE 132].[1] The Court granted that application on July 28, 2022 and issued the writ of garnishment, [DE 135], and the United States served the writ on the Garnishee. On September 6, 2022, the Garnishee filed an answer to the writ of garnishment, in which it stated that the Defendant had a pension account with the Garnishee with a balance of $91,605.27, and that the Defendant had elected to receive the plan's balance in annual installments. [DE 136]. The installment payments are made in March, and the Defendant is due to receive two more payments. [*Id.*] The Defendant received his last payment from the annuity in 2022 in the amount of $48,452, and the Garnishee expects that each of the final two payments will be roughly the same amount. [*Id.*]

On September 7, 2022, the United States served, pursuant to 28 U.S.C. § 3205(c)(3), the following documents on the Defendant: the Writ of Continuing Garnishment served on the Garnishee, the proposed Answer of the Garnishee, the Clerk of the Court's Notice of Post-Judgment Garnishment and Instructions to Defendant, the United States Attorney's Instructions to Defendant/Judgment Debtor, and the Defendant/Judgment Debtor's Claim for Exemption Form and Request for Hearing. [DE 138]. Those documents informed the Defendant that the writ of garnishment had been issued and of his right to object to the garnishment and request a hearing.

The Defendant did not object to the writ of garnishment or request a hearing within 20 days of service of the above-referenced documents upon him. Thus, on October 25, 2022, the United States moved for a disposition order pursuant to 28 U.S.C. § 3205(c)(7). [DE 143]. This Court granted that Motion on October 26, 2022 and directed the Garnishee "to cause the funds of said defendant which it now holds, and which it shall hold in the future, to be delivered to the United

---

[1] The United States also applied for a writ of garnishment as to the NFL Player Disability & Survivor Benefit Plan. The Defendant does not appear to seek to modify the garnishment as to that entity, but nonetheless, any such requested modification as to the NFL Player Disability & Survivor Benefit Plan would also be ineffective for the reasons stated in this Response.

2

States Clerk's Office at 101 Barr Street, Lexington, KY 40507-1357." [DE 145].

The Defendant now moves this Court for a reduction in the amount garnished, to fifteen percent (15%). In support, the Defendant states that his financial situation is "precarious," and he requires the garnished funds to pay his 2022 taxes.

The Defendant's Motion should be denied for multiple reasons. First and foremost, the Defendant's request for relief is time-barred. 28 U.S.C. § 3205(c)(5) provides that:

> Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

The Defendant does not allege that he failed to receive service of the Garnishee's answer, and it is undisputed that the Defendant did not object to the answer within 20 days or request a hearing. It likewise cannot be disputed that a disposition order has already been entered directing the Garnishee to pay amounts that it owes the Defendant to the United States instead. With the Defendant having failed to challenge the garnishment as provided for under Section 3205(c)(5), the garnishment is now final and cannot be modified without the consent of the United States. *Johnson v. United States*, 2010 U.S. Dist. LEXIS 114713, at *9 (D. Md. Oct. 28, 2010); *United States v. Crowther*, 473 F. Supp. 2d 729, 732 (N.D. Tex. 2007).

Even if the Defendant had timely challenged the Garnishee's answer, the Defendant's asserted basis for modification of the garnishment (his alleged inability to pay) is not viable. "[E]conomic distress is not a cognizable ground for relief from a garnishment action." *United States v. Taylor*, 2016 U.S. Dist. LEXIS 17824, at *10 (E.D. Cal. Dec. 23, 2016) (citing *United States v. Mahar*, 1994 U.S. App. LEXIS 33197 (6th Cir. 1994)); *Crowther*, F. Supp. 2d at 731.

3

Finally, the Defendant has not shown that his economic position is as precarious as he claims. According to the papers that the Defendant filed with his Motion, he received $200,390 in income in 2022. Even taking out the $48,452 that he received from the Garnishee, the Defendant still apparently earned over $150,000 in 2022. The Defendant should have sufficient resources to pay his taxes. Moreover, according to 26 U.S.C. § 3405, the Garnishee is required to withhold income taxes from any distributions made, which should partially ameliorate the Defendant's tax liability.[2] But in any event, the Defendant appears to have the financial ability to provide for himself and his family and also pay restitution to his victims.

For the foregoing reasons, the United States requests that the Court deny the Defendant's Motion.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

/s/ John M. Spires
John M. Spires
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
Phone: (859) 685-4830

---

[2] The United States has asked the Garnishee whether it complied with 26 U.S.C. § 3405, but as of the filing of this pleading, has not received a response.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send the notice of electronic filing to all counsel of record. A copy was also mailed first class or emailed to:

Correll Buckhalter
ADDRESS REDACTED

NFL Player Annuity Program
Groom Law Group
Attn: Alvaro Anillo
1701 Pennsylvania Ave. N.W.
Suite 1200
Washington, DC 20006-5811

/s/ John M. Spires
Assistant U.S. Attorney