UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CORRELL BUCKHALTER,<br>Defendant. | CRIMINAL NO. 5:19-205-KKC-01<br><br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on defendant Correll Buckhalter's motion for a reduction of garnishment. (DE 151). For the following reasons, the Court will DENY the motion.

**I.**

On October 26, 2021, the Court entered a judgment against Buckhalter which included a restitution amount of $927,462.88. (DE 112). On July 25, 2022, the Court reduced the amount of restitution to $178,312.88. (DE 129). Currently, Buckhalter's restitution balance stands at $158,373.44.

On July 27, 2022, the Court granted the government's application for a writ of continuing garnishment as to the NFL Player Annuity Program (the Garnishee). (DE 135). The Garnishee filed its answer to the writ on September 6, 2022, stating that Buckhalter had a balance of $91,605.27 in his pension and that he had elected to receive his funds in annual installments. (DE 136). Buckhalter's last installment before the garnishment was $48,452. At the time of the garnishment, there were two more annuity payments left. On September 7, 2022, the United States served the writ, the Garnishee's answer, and other relevant documents on Buckhalter. (DE 138).

1

Buckhalter claims he never received these documents. He did not object or request a hearing. On October 26, 2022, the Court granted the government's motion for a disposition order pursuant to 28 U.S.C. § 3205(c)(7) and directed the Garnishee to begin redirecting the funds. (DE 145).

Buckhalter has filed a pro se motion to reduce the amount of garnishment from the NFL Player Annuity Program to fifteen percent (15%), claiming financial hardship. (DE 151). The government opposes the motion, both procedurally and on the merits.

## II.

As an initial matter, there is some confusion as to which statute Buckhalter brings forth this motion. Buckhalter styles his motion as a "pro se motion under 28 U.S.C. 3205(c)(7) For Reduction of Garnishment from NFL Player Annuity Program." Section 3205(c)(7), however, is not the proper vehicle to pursue a modification to a writ of garnishment. That is the statute pursuant to which the Court granted the United States' disposition order on October 25, 2022. But that statute does not give the Court authority to modify Buckhalter's garnishment.

The United States suggests that this is an action under 28 U.S.C. § 3205(c)(5), which provides:

> Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

Because Buckhalter did not originally object to the answer within 20 days or request a hearing, the government argues that Buckhalter's current motion is untimely. (DE 152 at 3). Buckhalter asserts that he reported to prison on July 5, 2022 and never received any documentation

2

pertaining the garnishment on or after September 7, 2022—the date the United States filed its certificate of service. (*See* DEs 153, 138).

Whether Buckhalter received the answer and failed to object or request a hearing is immaterial. The time has indeed passed for Buckhalter to file objections to the writ of garnishment pursuant to § 3205(c)(5). But the Court has the authority under 28 U.S.C. § 3013 to modify the garnishment disposition. ("The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."); *see also United States v. Dover*, No. 4:02-50001, 2016 WL 806708, at *1 (E.D. Mich. Mar. 2, 2016); *United States v. Crowther*, 473 F. Supp. 2d 729, 732 n.3 (N.D. Tex. 2007). Because Buckhalter is not objecting to the original writ and is instead seeking to modify the garnishment after the fact due to changes in circumstances, the Court will construe his motion at being made pursuant to § 3013. Accordingly, the Court will address the motion on its merits.

### III.

Buckhalter states that his financial situation is precarious and that he needs the Court to reduce the garnishment percentage so that he can pay federal income taxes. In his motion, Buckhalter attached what appear to be screenshots from a tax preparation app that show a reported income of $200,390, a taxable income of $180,390, and an amount owed of $30,821. He states that he cannot afford to pay taxes for the year 2022 without the annuity payment from the Garnishee. He does not provide any specific information about his income sources or anything related to expenses.

The government first argues that economic distress is not a cognizable ground for relief from a garnishment action. The caselaw cited, however, stands for the proposition that economic

hardship is not a proper ground for objection under 28 U.S.C. § 3202(d) and perhaps § 3205(c)(5). *Crowther*, 473 F. Supp. at 730 (citing *United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994)). The Court is construing Buckhalter's modification request as one pursuant to § 3013. Under that limited caselaw, economic distress can be a cognizable ground for relief—given it is properly proven. *See United States v. Ogburn*, 499 F. Supp. 2d 28, 30 (D.D.C. 2007); *United States v. Kaye*, 93 F.Supp.2d 196, 199 (D. Conn. 2000); *Dover*, 2016 WL 806708 at *1; *United States v. King*, No. 07-60066-EFM, 2019 WL 2342954, at *2 (D. Kan. June 3, 2019).

No bright-line criteria exists for evaluating a motion to modify garnishment pursuant to § 3013. Courts generally apply a reasonableness standard and "look to the circumstances of the individual." *Dover*, 2016 WL 806708 at *4. Here, the Court finds that Buckhalter's motion is unsupported. The documents that Buckhalter attached to his motion do not show that a garnishment reduction is necessary at this time. Further, information provided to the Court by Buckhalter's current probation officer confirms that his financial situation is not so precarious to warrant a modification. As the moving party, Buckhalter has the burden showing financial hardship with sufficient financial information, and the evidence before the Court is not enough to meet that burden. *See King*, 2019 WL 2342954, at *2.

Accordingly, the Court hereby ORDERS that Buckhalter's motion for a reduction of garnishment (DE 151) is DENIED.

This 14th day of June, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY